April 4, 2015

Royce William Tawater
TDCj CID #1950643
Beto Unit
1391 FM 3328
Tennessee Colony, TX 75880

Abel Acosta, Clerk
Court of Criminal Appeals
P.O. Box 12308 - Capitol Station
Austin, TX 78711

RE: PD 0004-15; Royce William Tawater v. The State of Texas.

To whom it may concern;

Enclosed, please find the original copy of my Motion For Rehearing. Also, three (3) supporting documents, marked TAB(s) "A," "B," &"C" are included in this mailing.

Please file these with the Court and include them with the papers related to this cause.

Thank you for your prompt attention to this matter.

Sincerely yours,

*Royce Tawater*

Royce W. Tawater

C.c. file/rt

FILED IN
COURT OF CRIMINAL APPEALS

APR 17 2015

Abel Acosta, Clerk

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 08 2015

Abel Acosta, Clerk

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS OF TEXAS:

COMES NOW, ROYCE WILLIAM TAWATER, "Petitioner" pro se in the above-styled and numbered cause and files this Petition For Rehearing pursuant to Rule 79.1 of the Texas Rules of Appellate Procedure and would respectfully show this Court the following:

1. The Sixth Appellate District of Texas at Texarkana issued its Memorandum Opinion and Judgement on December 10, 2014.

2. On December 28, 2014 Petitioner submitted his request for an extension of time to file a Petition For Discretionary Review seeking an additional sixty, (60, days in which to file the petition. Accompanying that request was a motion requesting leave to file an original copy only of the petition.

3. This Court filed and granted those motions on January 7, 2015, making the deadline to file the petition on/before March 10, 2015.

4. Collateral to that, the Sixth Appellate District of Texas at Texarkana issued its Memorandum Opinion and Judgements on February 4, 2015 in cause numbers 06-14-00094-CR & 06-14-00095-Cr, (Trial Court Cause No(s). 29,310 & 29,311 respectively), affirming Petitioner's other two convictions held after a second trial on the matters.

5. Subsequently, Petitioner filed his request to extend the time by 45 days and his request to file the original copy only of the petition. (03/01/15)

6. This Court granted those motions on March 6, 2015, extending the deadline up to and including May 5, 2015; an additional 60 days.

7. On Monday, March 9, 2015 Petitioner placed in the Beto Unit's Indigent mail drop-box his Petition For Discretionary Review, accompanied by his Unsworn Declaration, a Certificate of Service, a Form I-60 requesting the postage be deducted from Petitioner's Inmate Trust Fund Account, along with the Attorney Generals carbon copy.

8. TAB "A", included in this document, is Petitioner's "File Copy" of that Form I-60 asking that the postage be affixed and deducted from Petitioner's account. This Form has all the relevant information for the Access To Courts Supervisor to use to verify the mailing.

-1-

9. Three days after that mailing/request, Petitioner received, via regular mail both unopened copies of the petition for discretionary review accompanied by a notice that "[Petitioner's] I.D. card is active and you have more than $5.00 in your account. Non-indigent and commissary restricted offenders purchase correspondence supplies from commissary." (See: TAB "B") (03/12/15)

10. That same day, after receipt of the returned mail, Petitioner affixed stamps to the two envelopes containing the petition for discretionary review and placed them in the Beto Unit's mail drop-box. It must be noted here that the day following the original mailing, (in the indigent mail box), Petitioner was able to go to the commissary and purchase "correspondence supplies."

11. Subsequently, on Friday, March 13, 2015, Petitioner submitted a complaint to the administration concerning the denial of access to the courts. (See: TAB "C"; #2015107895, filed 03/16/15) That complaint, Form I-127, detailed every aspect of this cause. That complaint was returned because it was "inappropriate." Although not well articulated, the "Action Requested" section asked that the Access To Courts Supervisor to be "instructed" concerning the "proper procedure for timely court filings." The complaint was resubmitted "when the correction[] [were] made." That complaint is still under review.

12. On March 20, 2015 this Court filed the petition for discretionary review. Five days later, March 25, 2015, the Court "dismissed" the petition as "untimely filed."

13. Petitioner respectfully asks this Court to reconsider that dismissal.

14. As basis for that request Petitioner would cite RICHARDS v. THAYLER, 710 F.3d 573 (5th Cir. 2013)(Under Texas law the pleadings of pro se inmates···are deemed filed at the time they are delivered to prison authorities); CAMPBELL v. STATE, 320 S.W.3d 338 (Tex. Crim. App. 2010)(The 5th Cir. has held that the "mailbox rule" of HOUSTON v. LACK, 487 U.S. 266 (1988) now applies to determining the date when Texas prisoners file state habeas corpus petitions for the purpose of calculating the applicable period for the AEDPA's 1-year statute of limitations.)

15. Up to this point in time, Petitioner has met each and every deadline. (Petitioner's second and third petition for discretionary reviews, #PD-0253-15 and PD-0254-15, due 5/5/15 have been filed well over a month early.) Each and every pleading that has been submitted has been accompanied by a Certificate of Service and an Unsworn Declaration.

-2-

16. Petitioner has been pursuing his rights diligently and these extraordinary circumstances prevented a timely filing of the petition. See: HOLLAND v. FLORIDA, 130 S.Ct. 2549, 2562 (2010); 28 U.S.C §2244(d)(1)B)

WHEREFORE, PREMESIS CONSIDERED, Petitioner prays this Court grant rehearing, review and/or grant the Petition For Discretionary Review, order a full briefing on the issues presented therein, and after considering the merits, reverse the judgement of the Sixth Court of Appeals, remand this cause to the trial court nfor a new trial, and grant such other and further relief as Petitioner may show himself entitled, at law and in equity.

Respectfully submitted,

Royce W. Tawater,

Pro Se

## UNSWORN DECLARATION

"I, Royce W. Tawater, TDCJ-CID #1950643, being presently incarcerated in the Beto Unit of the TDCJ-CID, declare under penalty of perjury that the above and foregoing are both true and correct."

Executed on this the 4th day of April, 2015

Royce W. Tawater

## CERTIFICATE OF SERVICE

This is to further certify that I have mailed a true and correct copy of this document to the Texas Attorney General, First Clkass Mail, postage prepaid, by placing the same in the Beto Unit's mail drop-box, designed for that purpose, on this the 4th day of April, 2015.

Royce W. Tawater
TDCJ-CID #1950643
Beto Unit
1391 FM 3328
Tennessee Colony, Texas
75880

C.c. file/rt

-3-

**SUBJECT:** *State briefly the problem on which you desire assistance.*

F. 6 Copy

This original copy of my Petition For Discretionary Review and the carbon copy, (PD-0004-15), is due March 10, 2015 per the court's order.

Since my Wing has not been to the store in over one month, resulting in me not having the necessary postage to mail this to the court, would you please affix one stamp to each envelope, and deduct the cost of the postage from my Trust Fund Account?

Thank you,

*Royce Tawater*

March 9, 2015

C.c. Court of Criminal Appeals

Name: Royce W, Tawater          No: 1950643          Unit: Beto

Living Quarters: J-2-23          Work Assignment: Med. Sqd

**DISPOSITION:** (Inmate will not write in this space)

"TAB A"

☆I-60 (Rev. 11-90)

---

To: Cell #: J-223          Rec'd (?) 3/(?)(5) 2/21

Name: TAWATER

**From:** George Beto Unit Law Library Officer
1391 FM 3328, Tennessee Colony, Texas 75880

TDCJ-ID# 1950643

**WHEN REQUESTING SUPPLIES:** PLACE YOUR REQUEST IN THE *ISE* AND PUT INSIDE THE INDIGENT SIDE OF MAIL BOX.
**PLACE OUTGOING INDIGENT MAIL IN INDIGENT MAILBOX WITH REQUEST, *ISE* NOT NECESSARY**

General Correspondence Supplies issued once monthly. You must utilize and exhaust your previous issuance prior to completing a new request for supplies.

1. ☐ You need a complete <u>Signed and Dated request (I-60/I-302).</u> Homemade request must be **same size** as I-60 for records retention. Please **resubmit (See back of this form).**

2. ☐ Mail requires your return address to include, <u>Commitment Name</u>, <u>TDCJ-Number</u>, <u>Assigned Unit Name</u>, and <u>Current Address</u>. Indicate how many outgoing letter(s) are attached/included.

3. ☐ <u>NO HOMEMADE, ALTERED, or USED ENVELOPES WILL BE SENT OUT.</u>

5. ☐ A.-<u>Do not tape</u> or glue request to letter. B.-<u>No Drawings</u> or Messages on Envelopes. C.-<u>No Aliases</u> or Nick names. D.-<u>No</u> Personal Property, Poster Boards, Newspaper or Magazine Clippings. E. _____

6. ☒ Your I.D. card is active and you have more than $5.00 in your account. Non-indigent and commissary restricted offenders purchase correspondence supplies from commissary.

7. ☐ This <u>exceeds</u> the limit of 5-1oz. letters/or equivalent of personal postage per month (a total of $2.45)

8. ☐ This <u>exceeds</u> the limit of 5 legal letters (Sun. thru Sat.).

9. ☐ This Offender to Offender mail <u>has not been approved</u>. Send I-60 to <u>Inmate Records Office</u> for approval.

**OTHER INSTRUCTIONS/INFORMATION:** _____

"TAB B"

LL/INDIGENT SUPPLIES

# Texas Department of Criminal Justice

## STEP 1

### OFFENDER GRIEVANCE FORM

OFFICE USE ONLY

Grievance #: _____

Date Received: _____

Date Due: _____

Grievance Code: _____

Investigator ID #: _____

Extension Date: _____

Date Retd to Offender: _____

Offender Name: Royce W. Tawater    TDCJ # 1950643

Unit: Beto    Housing Assignment: J-2-23

Unit where incident occurred: Beto

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? J. Becraft, Access to Courts Supervisor    When? 3/9/15

What was their response? "identification card active"

What action was taken? legal mail returned    3/10/15

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

On 3/10/15 I had a court imposed deadline under cause number PD-0004-15 (Court of Criminal Appeals). J. Becraft interferred with that. Due to the fact that I had no stamps in my possession to effect the mailing of the original copy of the petition and the courtesy copy - I submitted a signed copy of Form I-60 to the Law Library on 3/9/15 requesting the postage be deducted from my trust fund account. My legal mail was returned stating that I "must purchase correspondence supplies from commissary."

On my original I-60 requesting the deduction, I detailed the fact that my wing assignment had not been to "commissary" in over 32 days (with only a $30⁰⁰ spend) and before that a duration of over 49 days, (prior to 30-day lockdown & holidays), resulting in a severe shortage of stamps, 2nd; that the deadline was 3/10/15.

Policy allows for timely filing of legal materials with verifiable deadlines. I provided the Access to Courts Supervisor with all the relevant information and he summarily dismissed the request. My only other option would have been to violate established rules concerning "traffic and trading." As it was, my wing assignment went to commissary after the 0800 hrs mail pick up on the imposed deadline and before my legal mail was returned via regular mail. Subsequently, and past the deadline, after I purchased "correspondence supplies," I mailed the two envelopes.

---

I-127 Front (Revised 11-2010)    YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM    (OVER)

TAB "C"

Appendix F

Additionally, the Access to Courts Supervisor has posted a "No Walk In" notice which prevented me from effecting the mailing in a timely manner — thus the need for the written request.

Essentially, J. Becraft denied me access to the courts.

3/16/15

**Action Requested to resolve your Complaint** Instruct the Access to Courts Supervisor into the proper procedure for timely court filings as it relats to postage requests.

**Offender Signature:** Royce Jawaters 3/16/15 **Date:** 3/13/15

**Grievance Response:**

Recd 3/16/15 pm mail
resubmitted 3/27/15

**Signature Authority:** _____ **Date:** _____

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:** *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance #_____
☐ 10. Illegible/Incomprehensible. *
☑ 11. Inappropriate. (YOU MAY NOT REQUEST STAFF BE "INSTRUCTED"

**UGI Printed Name/Signature:** _____ CHOWGW UGI III CHOWRTON

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____

| OFFICE USE ONLY | |
|---|---|
| Initial Submission 9 7 00 | UGI Initials: CH |
| Grievance #: 79 2015107895 | |
| Screening Criteria Used: #11 | |
| Date Recd from Offender: 3/16/15 | |
| Date Returned to Offender: 3/16/15 | |
| **2nd Submission** | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| **3rd Submission** | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |

**I-127 Back** (Revised 11-2010)

Appendix F

Royce W. Tawater #1950643
Beto; 1391 FM-3328
Tennessee Colony, TX 75880

LEGAL MAIL

HUNTSVILLE TX PROC
DALLAS TX 753
24 APR 2015 PM 1 L

787112308089

Abel Acosta, Clerk
Court of Criminal Appeals
P.O. Box 12308 - Capitol Station
Austin, TX 78711

FOREVER